# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0573V

|  |  |
|---|---|
| SHALISHA HAMMOND,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: February 12, 2026 |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Adam Nemeth Muffett, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On April 1, 2025, Shalisha Hammond filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following a Tdap vaccination she received on September 10, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 10, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On February 11, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a lump sum of $62,500.00, plus a lump sum of $1,016.26 for satisfaction of a Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award the following:**

- **A lump sum payment of $62,500.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

- **A lump sum payment of $1,016.26, representing compensation for satisfaction of the State of Colorado Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to: Colorado Department of Health Care Policy & Financing, Attention: Destony Goodman, 308 E. 17th Avenue, Denver, CO 80203.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| SHALISHA HAMMOND, | ) | |
|  | ) | |
| Petitioner, | ) | |
|  | ) | No. 25-573V |
| v. | ) | Chief Special Master Corcoran |
|  | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
|  | ) | |
| Respondent. | ) | |
|  | ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

On April 1, 2025, Shalisha Hammond ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she sustained a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a tetanus, diphtheria and acellular pertussis ("Tdap") vaccination she received on September 10, 2022.  Petition at 1.  On October 10, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 13.  On the same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 15.

**I.      Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$62,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.    Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Colorado Medicaid lien in the amount of **$1,016.26**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Colorado may have against any individual as a result of any Medicaid payments the State of Colorado has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about September 10, 2022, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.    **Form of the Award/Recommended Payments**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [2]

A.   A lump sum payment of **$62,500.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Shalisha Hammond; and

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

B.   A lump sum payment of **$1,016.26**, representing compensation for satisfaction of the State of Colorado Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

>      Colorado Department of Health Care Policy & Financing
>      Attention: Destony Goodman
>      308 E. 17th Avenue
>      Denver, CO 80203

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

>      Respectfully submitted,
>
>      BRETT A. SHUMATE
>      Assistant Attorney General
>
>      JONATHAN D. GUYNN
>      Acting Director
>      Torts Branch, Civil Division
>
>      HEATHER L. PEARLMAN
>      Deputy Director
>      Torts Branch, Civil Division
>
>      GABRIELLE M. FIELDING
>      Assistant Director
>      Torts Branch, Civil Division
>
>      */s/ Adam N. Muffett*
>      ADAM N. MUFFETT
>      Trial Attorney
>      Torts Branch, Civil Division
>      U.S. Department of Justice
>      P.O. Box 146
>      Benjamin Franklin Station
>      Washington, D.C. 20044-0146
>      Tel: (202) 616-2895
>      Email: Adam.muffett@usdoj.gov

DATED:  February 11, 2026